IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAYLA MONEY, | ) | 8:12CV396 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES MARSHALS, | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, and JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) Plaintiff has been granted leave to proceed in forma pauperis in this matter. (Filing No. 5.) Accordingly, the court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.      SUMMARY OF COMPLAINT

Plaintiff named the United States Marshal's Service and the Federal Bureau of Investigation as Defendants. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are nonsensical. As best the court can tell, Plaintiff alleges that on November 4, 2012, she was inside her home when she noticed cameras on her windows, people on her balcony, and the sound of drilling. (*Id.*) In addition, on this date, "gases were being entered into her home" for six hours, which caused her to seize, and caused her dogs to become lethargic and disoriented. (*Id.* at CM/ECF p. 2.) In spite of these disruptions, the federal agents, who were "camouflaged in the bushes along the home," did not render assistance. (*Id.* at CM/ECF pp. 2-3.) Plaintiff seeks monetary relief, but does not specify the amount she seeks.

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

2

## III.   DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint.  As set forth above, Plaintiff's allegations are difficult to decipher.  The allegations the court can decipher do not nudge Plaintiff's claims across the line from conceivable to plausible.  Plaintiff does not set forth any specific actions taken by Defendants that violate any constitutional right or support a claim under 42 U.S.C. § 1983.  *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  That is, Plaintiff does not allege that Defendants deprived her of a right secured by the Constitution or laws of the United States, or that the alleged deprivation was committed under "color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  Indeed, even with the most liberal construction possible, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous and nonsensical.  *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).  Furthermore, given that Plaintiff has failed to provide any factual or legal basis for any sort of claim, the court finds that providing Plaintiff with an opportunity to amend her Complaint would be futile.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

2.     A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of January, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.